**ASHLAND INC, Plaintiff–Appellant,**

v.

**Leo H. LONG, Jr.; Thomas C. Long, Defendants–Appellees.**

**Ashland Inc, Plaintiff–Appellee,**

v.

**Leo H. Long, Jr.; Thomas C. Long, Defendants–Appellants.**

**Nos. 12–35544, 12–35775.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2014.

Filed Feb. 18, 2014.

Amended March 21, 2014.

Mark S. Davidson, Tami Becker Gomez, Esquire, David Albert Shaw, Williams Kastner & Gibbs PLLC, Seattle, WA, for Plaintiff–Appellee.

Guy Jeffrey Sternal, Eisenhower & Carlson, PLLC, Tacoma, WA, Michael E. Ricketts, Gordon Thomas Honeywell Malanca Peterson & Daheim, Seattle, WA, for Defendants–Appellants.

Before: FISHER, GOULD and CHRISTEN, Circuit Judges.

MEMORANDUM *

The district court did not err by concluding that the phrase "Atlas Foundries Division (the 'Foundry Business')" in the Purchase and Sale Agreement is ambiguous. Under Washington law a court may permissibly consider "all the circumstances surrounding the making of the contract" to determine the parties' mutual intent as expressed in the contract, *Hearst Communications, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 115 P.3d 262, 266 (2005) (citing *Berg v. Hudesman*, 115 Wash.2d 657, 801 P.2d 222, 228 (1990)), so long as the evidence does not "vary, contradict or modify the written word," *Hollis v. Garwall, Inc.*, 137 Wash.2d 683, 974 P.2d 836, 843 (1999). The district court's factual finding based on this evidence—that the parties did not intend the defendants to assume the liabilities of the Long Foundry, other than the lease—is not clearly erroneous. Accordingly, the defendants had no duty to indemnify Ashland.

The district court correctly concluded that the parties' agreement did not "specifically provide[ ]" for an award of attorney's fees to either party, and therefore an award of attorney's fees was inappropriate.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See* Wash. Rev.Code § 4.84.330; *Bartlett v. Betlach,* 136 Wash.App. 8, 146 P.3d 1235, 1239 (2006). Because the district court did not reach the issue of costs, we remand for the district court to consider whether the defendants are entitled to their costs.

Each side shall bear its own costs of appeal.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.